UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD FISHER, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00383 |
| | § | |
| KAWASAKI HEAVY INDUSTRIES, | § | |
| LTD., *et al*, | § | |
| | § | |
|     Defendants. | § | |

## ORDER OF REMAND

    Before the Court is Plaintiff's Motion to Remand.  D.E. 5.  This action was filed in state court on December 13, 2011.  D.E. 1-2.  It was removed to this Court on the basis of diversity jurisdiction on December 12, 2012—one day shy of the one-year anniversary of the case filing.  Defendants claim that the non-diverse Defendant, Gramb, Inc. d/b/a Corpus Christi Cycle Plaza and d/b/a Kawasaki of Corpus Christi, is improperly joined.  Plaintiff has moved for remand on the basis that the removal was not timely and because Defendants cannot show that Gramb, Inc. was improperly joined.

    On May 11, 2012, the same counsel for Defendants Kawasaki Heavy Industries, Ltd., Kawasaki Motors Corp., U.S.A., and Kawasaki Motors Manufacturing Corp., U.S.A. assumed the defense of Gramb, Inc..  D.E. 1-10, -11, -12, -13.  As the trigger for their 30-day deadline for removal, they cite the Affidavit of Bobby McCarty (D.E. 1-14), a Gramb, Inc. service technician, denying liability.  That affidavit was voluntarily provided by Defendants, without reciting any explanation for its timing.  Plaintiff has

submitted the affidavits of Gary S. McCluskey (D.E. 5-2), Paxton N. Crew (D.E. 5-3), and James Harris (D.E. 5-4), each controverting the affidavit of McCarty.

This Court does not find improper joinder so long as there is a viable cause of action alleged against the non-diverse defendant. *E.g., Tebon v. Travelers Ins. Co.* 392 F. Supp. 2d 894, 899 (S.D. Tex. 2005). Plaintiff has alleged specific acts that, if true, provide a basis for finding liability as against Gramb, Inc., including allegations that when McCarty serviced the subject Mule, he did not securely latch the cargo bed, which allowed it to tilt and cause the injuries made the basis of this suit.

This Court does not resolve disputed issues of material fact regarding such liability as are posed by the competing affidavits in the context of removal and remand. Defendants' proof is insufficient to satisfy their burden to show improper joinder. Thus, the diversity of citizenship necessary for this Court to exercise jurisdiction is not present. 28 U.S.C. § 1332. The Court REMANDS this action to the 28th Judicial District Court of Nueces County, Texas, the Court from which it was removed.

ORDERED this 4th day of February, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE